```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 18-292 (NLH) |
| v. : | |
| YANGIL PAULINO, : | **OPINION** |
| Defendant : | |

**APPEARANCES**:

Yangil Paulino
3640 Johnson Avenue
Bronx, New York 10463

    *Defendant pro se*

Andrew B. Johns
Office of the U.S. Attorney
401 Market Street – 4th Floor
Camden, NJ 08101

    *Counsel for the United States*

**Hillman, District Judge**

Before the Court is Yangil Paulino's ("Defendant") *pro se* motion for early termination of his supervised release term. [Dkt. No. 58.] The Government opposes the motion. [Dkt. No. 61.] For the reasons that follow, the motion will be denied.

**I.   Background**

On May 16, 2018, pursuant to a plea agreement, Defendant pleaded guilty to a one-count Information charging him with distribution of methamphetamine, in violation of 21 U.S.C. §§

1

841(a)(1) and (b)(1)(C). [Dkt. No. 31-35.] From March 2017 to May 2017, Paulino had entered into a series of transactions with a DEA confidential informant in which he sold, or offered to trade for other drugs, "ecstasy" pills which really contained methamphetamine. In total, Paulino sold approximately 23,000 pills amounting to over 4 kilograms of methamphetamine.

On December 20, 2018, Paulino was sentenced by the late Hon. Jerome B. Simandle to 50 months in prison, followed by three years of supervised release [Dkt. No. 41], the minimum term of supervised release mandated by the count of conviction. 21 U.S.C. §§ 841(b)(1)(C). The period of incarceration was well below the Guidelines recommendation of 70 to 87 months.

After an unsuccessful Motion for Release from Custody, [Dkt. Nos. 54, 56 & 57], Defendant began his term of supervised release on January 18, 2022. As of the date of this opinion, Defendant has served approximately 21 months of his 36-month supervised release term.

Defendant's arguments offered in support of his motion center primarily on his successful reintegration back into society after his release, especially his employment, and his full compliance with the terms of his supervision. Defendant reports that he has progressed from a job as a driver to an account manager placing individuals in health care facilities. He has since become a licensed Medicare Broker. To expand this

2

line of work, which he hopes will lead to the establishment of his own agency, Defendant will need to travel outside the district where he lives and is supervised. Defendant also highlights his dedication to his family and community involvement, including youth sports coaching.

The Government for its part commends Defendant for his accomplishments, as it should, but counters, among other things, that successful compliance with supervision, including finding gainful employment, falls short of the new and unforeseen circumstances that should be present to warrant a reduction of the statutory minimum term of supervision, given the nature and circumstances of his underlying offense. The Court agrees with the Government.

## II.  Legal Standard

By statute, this Court may terminate a term of supervised release prior to its expiration after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) at any time after the expiration of one year of supervised release. Such relief should be granted "only if [the Court] is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)(citing 18 U.S.C. § 3583(e)(1)). As the Government correctly notes, it is Paulino's burden, "as the

party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). The Court's decision is discretionary after examination of the record as whole and consideration of the relevant statutory factors. *Melvin*, 978 F.3d at 52 ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.").

Further, in exercising its discretion, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id*. Nonetheless, while such factors are not required, "if a sentence was 'sufficient, but not greater than necessary' when first pronounced," as § 3553(a) requires, a reviewing court would generally "expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id*.

Taking into consideration both Paulino's conduct and the interest of justice, the Court concurs with the Government that termination of supervised release is not warranted.

4

### III. Discussion

#### A. The Relevant 3553(A) Factors Weigh Against Early Termination

Defendant fails to address, with specificity, any of the § 3553(a) factors, citing caselaw where such applications have been granted and quoting a judicial policy statement suggesting a criterion for early termination and noting the lower costs associated with such a policy. [Dkt. No. 58.]  The Government, however, argues that Defendant has failed to demonstrate that he merits release under the relevant statutory factors.[1]  [Dkt. No. 61.]

First, the Court notes that early termination would undermine the statutory factors of deterrence, both specific and general, and would lead to unwarranted sentencing disparity. Defendant was already granted leniency by Judge Simandle when he was sentenced to a term of incarceration 20 months below the bottom of the Guidelines range and sentenced to the minimum term of supervised release.  In that sense, Paulino's original overall sentence (incarceration plus supervised release) was far below sentences imposed in similar cases.  Given the large amount of methamphetamine involved in this matter, a sentence

---

[1] In discussing the nature and circumstances of the offense, the Government argues Paulino's offense is "an extremely serious . . . crime."  However, the seriousness of the offense is not a relevant § 3553(a) factor when considering an application under 18 U.S.C. § 3583(e)(1).

5

below what the Defendant has already received would fail to provide adequate deterrence to this defendant and others, 18 U.S.C. § 3553(a)(2)(B), and would represent an unwarranted sentencing disparity when compared to sentences of defendants with similar records found guilty of similar crimes. Id. at § 3553(a)(6).

The need for specific deterrence is particularly pertinent here. Putting aside whether the crime itself was serious, the nature and circumstances of the offense, which is a relevant statutory factor (18 U.S.C. § 3553(a)(1)), disfavor early release. Paulino was more than a willing drug trafficker whose conduct escalated over time, and his conduct involved selling one drug disguised as another and offering to expand his sales to other controlled substances. Nor would early termination serve to protect the public from further crimes of the Defendant who would suffer the threat of revocation of his release if he returned to drug trafficking, a risk that remains given his prior conduct. 18 U.S.C. § 3553(a)(2)(C).

Of course, Paulino's recent compliance with the law and his successful return to society are commendable and his history and characteristics are a relevant statutory factor. 18 U.S.C. § 3553(a)(1). But, as the Government has pointed out, such compliance is not a new or unforeseen occurrence. The Court expects defendants upon their return to society to seek and

6

obtain meaningful employment and to be good citizens when they are able.

As one court has noted, if that were enough and every formerly incarcerated defendant who satisfied all the conditions of her or her release received early termination, the exception would swallow the rule. *United States v. Guilliatt,* Criminal Action No. 01-408, 2005 WL 589354, at *1 (E.D. Pa. 2005); *see also United States v. Lohman*, Case No. 02-CR-219, 2007 WL 1430282, at *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination"). Here, Paulino's achievements, while laudable, are insufficient alone to warrant early termination.

In this regard, the Court also notes that Paulino has failed to demonstrate how his current conditions of supervised release have actually hindered his employment. Under the terms of his release, his supervising probation office has the discretion to allow out of district travel, including for the purpose of employment. [Dkt. No. 41 at 4.] Paulino has not alleged that he sought such permission, much less that it was unreasonably denied to him to his detriment. In sum, Paulino has not met his burden of establishing that early termination "is warranted by" his "conduct" and in "the interest of justice" as the statute requires. 18 U.S.C. § 3583(e)(1).

7

IV. **Conclusion**

For the reasons set forth above, Defendant's *pro se* Motion for Early Termination of his supervised release [Dkt. No. 58] will be denied.

An accompanying Order will issue.

Dated: 10/20/23                       /s/  Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.